IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY DUANE MILLS, # 207420**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO. 5:18cv15-DCB-MTP**

**ADAMS COUNTY BOARD OF
SUPERVISORS, et al.**   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Anthony Duane Mills brings this action pursuant to 42 U.S.C. § 1983 and the Mississippi Wrongful Conviction and Incarceration Act, Mississippi Code Annotated § 11-44-1. The Court has considered and liberally construed the pleadings. As set forth below, the Court holds that Defendants Adams County Board of Supervisors; Adams County Sheriff Department; State of Mississippi; Adams County; Walter James Mackel; Matthew Will McConnelly; Deselle Davis; Judge Patricia Dunmore; Anthony A. Heidelberg, also known as Anthony H. Brewer; Jerry Brown; Stanley Searcy, Jr.; Tony Nichols; Tim Cotten; Southwest Mental Health; Judge Jack Lazarus; Judge Lillie Blackmon Sanders; Adams County Civil Defense; Stan King; Latanya Renee Mackel; Shane Doherty; Frank Smith; Merit Health; and Jackie Dennis should be dismissed.

### BACKGROUND

On February 9, 2018, Plaintiff filed the instant action. At the time, he was detained at the Adams County Jail, awaiting trial for felon in possession of a weapon. He alleges that he also has a pending aggravated assault charge. The twenty-nine Defendants include Adams County and its employees; the State of Mississippi; State Judges and prosecutors; Plaintiff's former defense counsel; two hospitals; a Ferriday, Louisiana police officer; and a postal worker.

Generally, Plaintiff's claims stem from a series of police encounters and judicial proceedings and an alleged sexual assault.

First, Plaintiff complains about a series of police encounters. On June 2, 2015, Plaintiff contends Defendant Adams County Deputies Walter James Mackel and Matthew Will McConnelly subjected him to excessive force during an arrest. Plaintiff claims they did so because he was in an interracial marriage. As a result Plaintiff asserts his ear was partially severed but was sewn back on at Defendant Merit Health Hospital. According to him, "an associate" told him two years later that Mackel had placed a microchip in his ear at the time of this incident:

> because he didn't want to get caught at my house with my ex-wife. I was told this chip came from the Marines during Mackel's last tour in combat. My associate told me that I was being put all over Facebook via the chip and everyone could see every thing [sic] I do. It's called a mind control chip, ocular or nano implant. If you search it online, it's been done before to people around the world. The federal court calls it gang stalking and domestic terrorism.

Resp. at 15.

Next, on March 3, 2016, Defendant Adams County Sheriff Travis Patten allegedly tased Plaintiff at his home, when he attempted suicide.

The following May, Plaintiff asserts that Defendant Stanley Searcy, Jr., an investigator with the Sheriff's Department, attempted to kill Plaintiff with a Taser. When Plaintiff was later arrested, Defendant Major Shane Doherty, of the Adams County Metro Narcotics Unit, allegedly told him, "I heard we lost . . . a micro-chip and I need to get it back." *Id.* at 14-15.

The next encounter occurred on November 17, 2016. While at his mother's house, Plaintiff alleges Defendant Deputies Lee Best and Delayne Bush arrested him without a warrant or court order. *Id.* at 10. However, Plaintiff elsewhere claims that they arrested him based on

2

a civil commitment order from the Adams County Chancery Court. *Id.* at 4. Allegedly Bush falsely accused Plaintiff of pointing a gun on them during the arrest.

Finally, on June 6, 2017, Plaintiff claims he was cleaning up limbs, at the bottom of a hill, behind his house, when he was bitten by a dog, described as a "viscious [sic] K-9." *Id.* at 12. Defendant Deputies Dustin Mingee and Dustin Smith subsequently ran down the hill, allegedly, and arrested Plaintiff without a warrant.

Next Plaintiff complains about judicial cases against him, which include criminal charges and a civil commitment. The first concerns an assault charge. Plaintiff accuses Defendant Deselle Davis, the bailiff with the Adams County Justice Court, of "writing up fake charges against [Plaintiff] with . . . only accusations" of a crime being committed. *Id.* at 3. Specifically, on July 29, 2016, Davis is accused of accepting and filing a complainant's affidavit, charging Plaintiff with simple assault. 2d Am. Compl. Ex. [11-2]. This charge was later enhanced to aggravated assault, and he was bound over to the grand jury. 2d Am. Compl. [11] at 1. The enhancement was allegedly the result of Defendant Assistant District Attorney Anthony A. Heidelberg's advice to the prosecutor working the assault case.

In addition to being a state prosecutor, Heidelberg allegedly represented Plaintiff's ex-wife in her and Plaintiff's divorce. He contends the divorce was final on January 25, 2017. Heidelberg purportedly had him arrested on January 1, 2017, on the charge of felon in possession of a weapon, so he could not be present for the divorce proceedings. Plaintiff contends, "[a]s Assistant District Attorney in November 2016 until he took the Municipal Court Judge seat," Heidelberg allegedly had "pushed the weapon charge through" the court system. Resp. at 4. Plaintiff had been accused of pointing a gun at deputies, on November 17, 2016. Plaintiff was

then sent to a mental hospital. Once released, Defendant Major Jerry Brown of the Sheriff's Department, allegedly signed an arrest warrant for Plaintiff, on December 27. He was arrested on January 1, 2017 and later indicted.

Defendant Timothy Blalock formerly represented Plaintiff in the pending weapon case. He alleges that Blalock worked with the Court and Sheriff to put Plaintiff in prison or an insane asylum. He accuses Blalock of taking "a bribe in the form of cash or the deed to his property from the Sheriff and/or . . . Heidelberg . . . to not do anything for me." *Id.* at 7-8.

Defendant Judge Lillie Blackmon Sanders presides over the felon in possession case. Plaintiff alleges that she is biased and ignored his motions. He also complains that she has ordered a mental evaluation.

Next, Plaintiff sues Justice Court Judge Patricia Dunmore, for signing a warrant for "fake charges." *Id.* at 3. She and Defendant Assistant District Attorney Tim Cotten are then accused of remanding two cyberstalking and one telephone harassment charge against Plaintiff, rather than acquitting him, in December of 2017. He maintains that Judge Dunmore was motivated by his former interracial marriage and claim that Deputy Mackel had sodomized him.

Besides the criminal cases, Plaintiff also faced a civil commitment. Because of this, he sues Judge Jack Lazarus for ordering that he be involuntarily committed to the State Mental Hospital in 2016. Plaintiff claims he was committed because of his sexual assault accusation against Deputy Mackel.

The final set of claims stem from Plaintiff's allegation of sexual assault. Basically Plaintiff alleges that some have failed to investigate this claim and others have mistreated him after he made the claim. Plaintiff first contends that Defendant Adams County Civil Defense of

4

the Sheriff's Department, "did not respond . . . for 30 seconds," when Plaintiff called 911 to report the alleged rape on March 3, 2016. *Id.* at 10. Defendant Jackie Dennis is alleged to be Deputy Mackel's mother and to have worked in dispatch on this date. Investigators Brown and Searcy and Captain Nichols are also accused of refusing to investigate Plaintiff's claim. In addition Plaintiff asserts Nichols threatened to mace him if he ever accused Deputy Mackel again and that he left Plaintiff in a cell for several days. He contends that Defendant Southwest Mental Health "keeps trying to make me be crazy," since he reported the alleged rape. *Id.* at 8. Defendant Stan King of the Ferriday Police Department is accused of trying to frame Plaintiff for murder, in retaliation for reporting the alleged attack. Finally, Deputy Mackel's ex-wife, Defendant Latanya Renee Mackel is alleged to work at the Post Office in Natchez. Plaintiff contends she is tampering with his mail, in order to keep Deputy Mackel from getting in trouble.

Some of these claims were previously filed in other civil actions and were pending at the time this case was filed. For instance, the June 2, 2015 excessive force claim was raised against Deputy Mackel and McConnelly in *Mills v. Mackel*, civil action number 5:17cv135-KS-MTP, which is still pending. A microchip claim against Deputy Mackel was raised in the same case. *Mills v. Mackel*, 5:17cv135-KS-MTP (S.D. Miss. Mar. 26, 2018). The tasing claim was first raised against Searcy in *Mills v. Patten*, civil action number 5:17cv110-DCB-MTP, and again in *Mills v. Searcy*, civil action number 5:17cv127-KS-MTP, which are both still pending. The sexual assault claim appears in *Patten* and *Mackel*. *Mackel*, 5:17cv135-KS-MTP (S.D. Miss. Mar. 6, 2018); *Mills v. Patten*, 5:17cv110-DCB-MTP (S.D. Miss. Nov. 28, 2017). Plaintiff's failure to investigate claims and Nichols's alleged actions are pending in *Patten*. *Id.* Plaintiff also previously raised the claim against King in *Mills v. Ware-Mills*, cause number 5:17cv138-

DCB-MTP.

Plaintiff now proceeds in this case, specifically invoking § 1983. He claims excessive force, racial discrimination, unlawful searches and arrests, sexual assault, failure to investigate, retaliation, and mail tampering. He also complains of the state judicial proceedings. He further sues Sheriff Patten, the Sheriff's Department, and the County for the alleged discrimination, since they employ some of the other Defendants. Plaintiff sues the State, under § 1983, because he contends the Sheriff sometimes represents the State, and, under § 11-44-1, for wrongful incarceration. Finally, Plaintiff sues Frank Smith of the Narcotics Unit but does not allege any facts against him. On April 18, 2018, Plaintiff moved to voluntarily dismiss the Adams County Board of Supervisors.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute reads, in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is

authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Plaintiff brings this action, specifically invoking § 1983 and the state Wrongful Conviction and Incarceration Act. His claims arise from police encounters, judicial proceedings, and his sexual assault allegations. He sues the County and its employees, the State and its Judges and prosecutors, private parties, a Louisiana police officer, and a postal worker.

ADAMS COUNTY AND ITS EMPLOYEES

I. THE COUNTY, BOARD OF SUPERVISORS, AND SHERIFF'S DEPARTMENT

The Court first addresses the claims against Adams County, its Board of Supervisors, and Sheriff's Department. As Mills moves to voluntarily dismiss the Board of Supervisors, it will be dismissed. This leaves the Sheriff's Department and the County, sued, under § 1983, for alleged racial discrimination by Sheriff's Department employees.

A municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against the County under § 1983, Mills must allege (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Mills alleges that Sheriff Patten is the policy maker for the County and that he has the power to stop the alleged discrimination, which supposedly did not begin until he took office.

7

Plaintiff's allegations, however, do not suffice to demonstrate the existence of any official County policy, custom, or practice, or that it caused the alleged discrimination. He sues the County merely because it employed other Defendants. This is insufficient to state a claim against the County, under § 1983. The County and Sheriff's Department will therefore be dismissed.

II.    COUNTY EMPLOYEES

Plaintiff also sues several County employees, under § 1983, for claims arising from police encounters, an alleged sexual assault, and criminal proceedings. Some employees are discussed below.

A.    DEPUTY MACKEL

Walter Mackel is accused of excessive force, implanting a microchip, and sexual assault. These claims duplicate allegations brought previously in either *Patten*, *Mackel*, or both. A civil action may be dismissed if it is duplicative of another action pending in the same court. *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985). Further, it is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Because these claims were first filed in the prior pending cases of *Patten* and *Mackel*, the claims are both duplicative and malicious. Dismissal of these claims is without prejudice as to the other pending lawsuits of *Patten* and *Mackel* and is with prejudice in all other respects. *Id.*

B.    DEPUTY MCCONNELLY

Like Mackel, McConnelly is sued for an alleged incident of excessive force. Since this identical claim is pending in the prior filed case of *Mackel*, it is duplicative and malicious, and

8

will be dismissed.

C. DESELLE DAVIS

Plaintiff accuses Davis, the bailiff with the Justice Court, of filing a complainant's affidavit, which Plaintiff contends falsely accuses him of simple assault.

There "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). On the other hand, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights. *Id.* at 953-54, 958. Davis is not alleged to have known that the assault charge is false. He merely accepted and filed a sworn criminal complaint. This claim is frivolous.

D. MAJOR BROWN

Plaintiff next sues Major Brown, because he signed the arrest warrant for the allegedly false weapon charge and purportedly refused to investigate the sexual assault allegation. As with Davis, Plaintiff does not contend that Brown knew that the weapon charge was false; therefore, this claim is likewise frivolous. Since the failure to investigate claim is already pending in *Patten*, this particular claim is duplicative and malicious. Brown will be dismissed.

E. STANLEY SEARCY

Next, Investigator Searcy is sued for allegedly tasing Plaintiff and failing to investigate his claim against Deputy Mackel. The identical claims are pending in the prior cases of *Patten* and *Searcy*. The claims against Searcy are duplicate and malicious and subject to dismissal.

F. CAPTAIN NICHOLS, CIVIL DEFENSE, AND JACKIE DENNIS

Plaintiff alleges that Captain Nichols also failed to investigate the sexual assault claims, threatened him, and placed him in a cell. Further, Plaintiff sues the County Civil Defense and

9

Dennis, claiming they did not answer his 911 calls. These allegations are already pending in *Patten* and will be dismissed here as duplicative and malicious.

G. MAJOR DOHERTY

Plaintiff next claims that Major Doherty told him that Doherty "heard we" lost a microchip and he needed it back. These are the extent of the allegations against him.

Taunting and verbal abuse do not give rise to a cause of action under § 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Even threatening language accompanied by threatening gestures by a prison official does not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Therefore, the alleged remark, even if meant to affront Plaintiff, cannot support a claim in and of itself and is subject to sua sponte dismissal. *Id.* at 146-47.

H. FRANK SMITH

Also a County employee, Frank Smith is named as a Defendant in this case. Other than naming him, however, Plaintiff alleges no facts against this individual. He will therefore be dismissed for failure to state a claim against him upon which relief could be granted.

THE STATE, JUDGES, AND PROSECUTORS

Besides County actors, Plaintiff sues the State, members of its judiciary, and prosecutors. Plaintiff asserts a § 1983 claim of racial discrimination and a state law claim of wrongful incarceration against the State. He also complains of the various judicial proceedings.

I. THE STATE

Plaintiff first sues the State, under § 1983, for racial discrimination, because he contends that Sheriff Patten is also a policy maker for the State.

10

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Therefore, the § 1983 claim is dismissed.

As for Plaintiff's claim under § 11-44-1, it provides a cause of action against the State for innocent people, wrongly convicted of a felony. Miss. Code. Ann. §§ 11-44-1, 11-44-5. Plaintiff admits that he has not been convicted of the complained of charges. This claim is therefore frivolous.

II. JUDGES

Plaintiff next complains of various judicial actions taken by Judge Dunmore, Judge Lazarus, and Judge Sanders. Plaintiff contends that Judge Dunmore signed a warrant for false charges and did not acquit him of cyberstalking and telephone harassment. In doing so, she allegedly acted out of discrimination and retaliation. Judge Lazarus is sued because he had Plaintiff involuntarily committed. He sues Judge Sanders for rulings made in the felon in possession of a weapon case. He accuses her of being biased, ignoring motions, and ordering a mental evaluation.

These claims are about actions taken in the course and scope of Judges Dunmore, Lazarus, and Sanders's roles as judges over Plaintiff's criminal and civil cases. A judge enjoys absolute immunity from a civil action when performing within his or her judicial capacity.

*Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit Court of Appeals announced a four factor test to determine whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515. In applying the four factors to the facts alleged, it is clear that the Judges are absolutely immune from this lawsuit. The decisions as to whether to sign a warrant, dismiss a case, involuntarily commit someone, order a mental evaluation, and when to rule are clearly within the normal judicial functions that arose out of their respective official capacities. Furthermore, there is no indication that any of their actions occurred outside the courtroom or their individual chambers. The controversy undisputedly centered around cases that were pending before Judge Dunmore, Judge Lazarus, and Judge Sanders. Consequently, this Court finds that Mills cannot maintain this action against these Judges.

III. PROSECUTORS

The two prosecutors sued are Heidelberg and Cotten. Heidelberg is sued for allegedly

12

enhancing the assault charge, pushing the weapon charge, and conspiring with defense counsel to wrongly convict Plaintiff in the latter case. Cotten—the prosecutor in the cyberstalking and harassment case—is sued, because he moved to have these charges dismissed without prejudice.

A prosecutor enjoys "the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity covers conduct that is "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This immunity extends to "initiating a prosecution and in presenting the State's case." *Id.* at 431. Absolute immunity can encompass claims that a prosecutor conspired with defense counsel to wrongly convict the defendant. *Marts v. Hines*, 68 F.3d 134, 135-36 (5th Cir. 1995); *Mills v. Crim. Dist. Ct.*, 837 F.2d 677, 679 (5th Cir. 1988); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985).

Heidelberg and Cotten are being sued for starting criminal prosecutions and the alleged manner in which they were pursued. Because the attorneys' conduct was intimately associated with the judicial phase of the criminal cases, these two are entitled to dismissal.

MEDICAL DEFENDANTS

The next set of Defendants are two medical providers, Southwest Mental Health and Merit Health.

I.      SOUTHWEST MENTAL HEALTH

Plaintiff accuses Southwest Mental of "trying to make [him] be crazy." Resp. at 8. These are the extent of the allegations against this Defendant. He does not describe how or when Southwest acted. The allegations are vague, conclusory and fail to state a claim upon which relief can be granted.

13

II. MERIT HEALTH

All that is alleged against Merit Health is that it was the hospital where Plaintiff's ear was treated after being allegedly injured. He fails to allege any harm, much less a constitutional violation. This Defendant will be dismissed for failure to state a claim and as frivolous.

STAN KING

The next Defendant is King, a Louisiana police officer, accused of attempting to frame Plaintiff for murder. Because this exact claim is already pending in *Ware-Mills*, this claim is duplicative and malicious.

MS. MACKEL

Plaintiff next sues Latanya Mackel under § 1983, claiming she is a United States postal worker, who is somehow tampering with his mail.

The United States postal worker is a federal actor. Therefore she may not be sued under § 1983. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999). This claim is frivolous.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, Defendant Adams County Board of Supervisors should be, and is hereby, dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).

IT IS FURTHER ORDERED AND ADJUDGED that the claims against Defendants Adams County Sheriff Department, State of Mississippi, Adams County, Deselle Davis, Latanya Renee Mackel, and Shane Doherty are dismissed with prejudice as frivolous.

IT IS FURTHER ORDERED AND ADJUDGED that the claims against Defendant Walter James Mackel are duplicative and malicious and are dismissed without prejudice to the prior pending lawsuits of *Mills v. Patten*, cause number 5:17cv110-DCB-MTP (S.D. Miss.), and

*Mills v. Mackel*, cause number 5:17cv135-KS-MTP (S.D. Miss.), and are dismissed with prejudice in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that the claim against Defendant Matthew Will McConnelly is duplicative and malicious and is dismissed without prejudice to the prior pending lawsuit of *Mackel* and with prejudice in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants Judge Patricia Dunmore; Judge Jack Lazarus; Judge Lillie Blackmon Sanders; Anthony A. Heidelberg, also known as Anthony H. Brewer; and Tim Cotten are immune and dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants Southwest Mental Health and Merit Health are dismissed with prejudice as frivolous and for failure to state a claim against them upon which relief could be granted.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Jerry Brown is dismissed. The due process claim against him is dismissed with prejudice as frivolous. The failure to investigate claim against this Defendant is duplicative and malicious and is dismissed without prejudice to the prior pending lawsuit of *Patten* and with prejudice in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that the claims against Defendant Stanley Searcy, Jr., are duplicative and malicious. They are dismissed without prejudice to the prior pending lawsuits of *Patten*, and the excessive force claim is also dismissed without prejudice to the prior case of *Mills v. Searcy*, cause number 5:17cv127-KS-MTP (S.D. Miss.). The claims are dismissed with prejudice in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that the claims against Defendants Tony Nichols, Adams County Civil Defense, and Jackie Dennis are duplicative and malicious.

They are dismissed without prejudice to the prior pending lawsuit of *Patten* and with prejudice in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that the claims against Defendant Stan King are duplicative and malicious. They are dismissed without prejudice to the prior pending lawsuit of *Mills v. Ware-Mills*, 5:17cv138-DCB-MTP (S.D. Miss.) and with prejudice in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Frank Smith is dismissed without prejudice for failure to state a claim against him upon which relief could be granted. The remainder of this case shall proceed.

So ordered and adjudged, this the 25th day of June, 2018.

                                s/David Bramlette
                                UNITED STATES DISTRICT JUDGE